UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIGUEL MARTINEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>J. RIVELLO., et al.,<br><br>            Defendants. | CIVIL ACTION NO. 3:21-CV-01908<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

Presently before the Court is a motion for preliminary injunction filed by *pro se* prisoner-Plaintiff Miguel Martinez ("Martinez"), on February 16, 2022. (Doc. 12). Martinez initiated this action with the filing of a complaint on November 9, 2021, against Defendants J. Rivello, K. Kauffman, J. Spyker, S. Walter, G. Ralston, J. Wetzel, and T. Bickell (collectively, "Defendants"). (Doc. 1, at 2-4). The parties have consented to proceed before the undersigned United States Magistrate Judge pursuant to Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). (Doc. 18). For the following reasons, Martinez's motion will be denied. (Doc. 12).

I.    **BACKGROUND AND PROCEDURAL HISTORY**

On November 9, 2021, Martinez filed the instant action against Defendants. (Doc. 1). In his complaint, Martinez asserts claims of Eighth Amendment violations and negligence, seeking declaratory relief, injunctive relief, along with compensatory and punitive damages. (Doc. 1, at 12-13). Martinez claims Defendants caused him to be confined under dangerous, harmful, and inhumane conditions at State Correctional Institution at Huntington ("SCI-Huntingdon") "with reckless disregard for and deliberate indifference" to Martinez's Eighth

Amendment rights. (Doc. 1, at 11). Additionally, Martinez asserts that Defendants negligently allowed the prison facility "to deteriorate to the point where it became unsafe for humane habitation in normal times and impossible to adapt for conditions brought on by the deplorable environments." (Doc. 1, at 12). On February 16, 2022, Martinez filed the motion for preliminary injunction, as well as a brief in support. (Doc. 12; Doc. 13). The motion has been fully briefed and is ripe for disposition. (Doc. 12; Doc. 13; Doc. 14; Doc. 19).

II.     **PRELIMINARY INJUNCTION STANDARD**

Four factors govern a district court's decision in considering a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief, (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. *Grill v. Aversa*, 908 F. Supp. 2d 573, 591 (M.D. Pa. 2012); *Gerardi v. Pelullo*, 16 F.3d 1363, 1373 (3d Cir. 1994); *SI Handling Systems, Inc. v. Heisley*, 753 F.2d 1244, 1254 (3d Cir. 1985); *see also Highmark, Inc. v. UPMC Health Plan, Inc.*, 276 F.3d 160, 170-71 (3d Cir. 2001). A preliminary injunction is not granted as a matter of right. *Kerschner v. Mazurkewicz*, 670 F.2d 440, 443 (3d Cir. 1982) (affirming denial of prisoner motion for preliminary injunction seeking greater access to legal materials).

A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. Such relief is extraordinary in nature and should be issued in only limited circumstances. *See Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994). As a threshold matter, it is a movant's burden to show that the "preliminary injunction must be the only way of protecting the plaintiff from harm." *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d

86, 91 (3d Cir. 1992) (citations omitted). Therefore, "upon an application for a preliminary injunction to doubt is to deny." *Madison Square Garden Corp. v. Braddock*, 90 F.2d 924, 927 (3d Cir. 1937). In order to satisfy this standard, the party moving for a preliminary injunction must carry its burden of demonstrating both: (1) likelihood of success on the merits; and (2) the existence of irreparable injury from the alleged misconduct. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989).

To establish a reasonable probability of success on the merits, a movant must produce sufficient evidence to satisfy the essential elements of the underlying cause of action. *Punnett v. Carter*, 621 F.2d 578, 582-83 (3d Cir. 1980). The district court must examine the legal principles controlling the claim and the potential defenses available to the opposing party. *See BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 264 (3d Cir. 2000). A mere possibility that the claim might be defeated does not preclude a finding of probable success if the evidence clearly satisfies the essential prerequisites of the cause of action. *Highmark, Inc.*, 276 F.3d at 173.

Next, "[a] preliminary injunction cannot be issued based on past harm. The purpose of a preliminary injunction is to prevent *future* irreparable harm." *Fisher v. Goord*, 981 F. Supp. 140, 168 (W.D.N.Y. 1997) (emphasis in original). A preliminary injunction "may not be used simply to eliminate a possibility of a remote future injury." *Holiday Inns of Am., Inc. v. B&B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969). "[T]he irreparable harm must be actual and imminent, not merely speculative." *Angstadt ex rel. Angstadt v. Midd-West Sch.*, 182 F. Supp. 2d 435, 437 (M.D. Pa. 2002). Moreover, "[t]he 'requisite feared injury or harm must be irreparable—not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it.'" *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987)

(quoting *Glasco v. Hills*, 558 F.2d 179, 181 (3d Cir. 1977)). Thus, the relevant inquiry is whether the party moving for injunctive relief is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued. If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted. *Marxe v. Jackson*, 833 F.2d 1121, 1123 (3d Cir. 1987); *see Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989) (*quoting Morton v. Beyer*, 822 F.2d 364, 367 (3d Cir. 1987)).

These limitations on the power of courts to enter injunctions in a correctional context are further underscored by statute. Specifically, 18 U.S.C. § 3626 limits the authority of courts to enjoin the exercise of discretion by prison officials, and provides that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.
>
> § 3626(a)(1)(A).

With respect to preliminary injunctions sought by inmates, courts are further instructed that:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity ... in tailoring any preliminary relief.
>
> § 3626(a)(2).

A prisoner's request for some form of mandatory, proactive injunctive relief in the prison context must "be viewed with great caution" because judicial restraint is especially called for in dealing with the "intractable problems of prison administration." *Milhouse v.*

*Fasciana*, 721 F. App'x 109, 111 (3d Cir. 2018) (quoting *Goff v. Harper*, 60 F.3d 518 (3d Cir. 1995)). Moreover, it is well-settled that "[t]he purpose of a preliminary injunction is to preserve the *status quo*, not to decide the issues on their merits." *Anderson v. Davila*, 125 F.3d 148, 156 (3d Cir. 1997). Therefore, where the requested preliminary injunction "is directed not merely at preserving the *status quo* but ... at providing mandatory relief, the burden on the moving party is particularly heavy." *Punnett*, 621 F.2d at 582.

III. **DISCUSSION**

In his motion for preliminary injunction, Martinez states that he "will suffer irreparable harm through unnecessary exposure to mold, asbestos, lead contamination, and the risk of injury or death by fire during the litigation of this matter unless preliminary injunctive relief is granted." (Doc. 12, at 3). Martinez seeks an order compelling SCI-Huntingdon to replace the manual cell locks with a locking provide capable of quick release in case of an emergency, lease portable HVAC equipment to improve ventilation in all occupied cell blocks, remove the mold and asbestos in all occupied cell blocks and kitchen areas, and replace any lead-based pipes. (Doc. 12, at 3-4). In opposition, Defendants argue that the motion should be denied because Martinez is unlikely to succeed on the merits. (Doc. 14, at 5). As observed previously, a preliminary injunction is an extraordinary remedy, one that should be ordered only in limited cases upon a compelling showing. *See Am. Tel. & Tel. Co.*, 42 F.3d at 1426-27. That showing has not been made in this case.

At the onset, the scope of Martinez's requests far exceeds the appropriate reach of a preliminary injunction, as granting them would do more than "preserve the relative positions of the parties." *Walker v. Pennsylvania Dep't of Corr.*, No. 21-2756, 2021 WL 5741502, at *1 (3d Cir. Dec. 2, 2021) (quoting *Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018)). The purpose of

a preliminary injunction "is not to conclusively determine the rights of the parties . . . but to balance the equities as the litigation moves forward." *Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080, 2087 (2017) (citing *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). Here, though worded differently, Martinez's motion and complaint seek the same injunctive relief: an Order directing the DOC and SCI-Huntingdon administrators to renovate the prison facility and improve the living conditions of its inmates. (Doc. 1, at 12-13; Doc. 12, at 3-4); *see Walker*, 2021 WL 5741502, at *1. Thus, the record supports denying the relief sought in Martinez's motion.

Nevertheless, Martinez fails to satisfy his burden under the preliminary injunction analysis. First, Martinez fails to demonstrate a reasonable likelihood of success on the merits. Martinez simply provides conclusory statements that the conditions at SCI-Huntingdon are inhumane and violates his Eighth Amendment constitutional rights. (Doc. 1, at 12-13; Doc. 12, at 3). In order to establish an Eighth Amendment conditions of confinement claim, a prisoner must demonstrate both objective and subjective proof: (1) that he or she has been subjected to an objectively "serious" deprivation of life's basic needs or a "substantial risk of serious harm" to his or her health; and (2) that defendants knew of and were deliberately indifferent to that deprivation or risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 227-28 (3d Cir. 2015). Mere negligence or inadvertence will not satisfy the deliberate indifference standard and cannot constitute a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

Here, Martinez asserts numerous unconstitutional conditions of confinement allegations regarding SCI-Huntingdon, including no fire protection; no ventilation; and exposure to mold, asbestos, and contaminated drinking water. (Doc. 1, at 4-7; Doc. 13, at 4;

Doc. 19, at 2-3). However, to the extent that Martinez alleges discomfort in the cell, he does not meet the requirements for a claim of cruel and unusual punishment. *See Hill v. Smith*, No. 4:05-CV-1724, 2005 WL 2666597, at *7 (M.D. Pa. Oct. 19, 2005) (finding presence of mice and cockroaches in USP-Lewisburg cells does not present health hazard to satisfy Eighth Amendment claim). Further, although "inmates have a right to be free from extreme hot and cold temperature," and to a minimal level of cleanliness within their cells, "the Constitution does not mandate comfortable prisons." *Peterkin v. Jeffes*, 661 F. Supp. 895, 904 (E.D. Pa. 1987), *aff'd in part and vacated in part*, 855 F.2d 1021 (3d Cir. 1988); *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Without any evidence of actual harm to Martinez caused by the alleged conditions of SCI-Huntingdon, he cannot demonstrate the existence of a serious constitutional deprivation redressable under *Farmer*. 511 U.S. at 834. Therefore, Martinez does not produce sufficient evidence to cause the Court to conclude that he will likely prevail on the merits.

Second, Martinez does not assert allegations of harm that are "actual and imminent." *Marcavage v. Nat'l Park Serv.*, 666 F.3d 856, 862 (3d Cir. 2012). To satisfy the exacting standard of a preliminary injunction, the injury or threat of injury must be both "real and immediate," not "conjectural" or "hypothetical." *Golden v. Zwickler*, 394 U.S. 103, 109-110 (1969); *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, (1941); *United Public Workers v. Mitchell*, 330 U.S. 75, 89-91 (1947). Although Martinez has detailed examples in his complaint and motion that allege conditions at SCI-Huntingdon, Martinez fails to demonstrate that he is likely to suffer immediate, irreparable injury. (Doc. 1, at 4-7; Doc. 13, at 4; Doc. 19, at 2-3). Specifically, Martinez asserts that Defendants' "failure to provide adequate fire protection places him in constant danger of losing his life if a major fire were to

occur in the prison." (Doc. 13, at 4). Additionally, Martinez claims that that "highly toxic communicable disease carrying, filthy and denigrating environment" is detrimental to his well-being, and that "numerous inmates have been diagnosed with cancer and are losing their health and even their lives." (Doc. 13, at 5-6). However, Martinez does not allege an immediate, irreparable harm that is personal to Martinez. (Doc. 13, at 6). Rather, the harm Martinez describes is remote and speculative. "Speculative injury does not constitute a showing of irreparable harm." *Continental Group, Inc. v. Amoco Chemicals Corp.,* 614 F.2d 351, 359 (3d Cir. 1980). Therefore, Martinez has not established that he is likely to suffer irreparable harm.

Next, Martinez does not establish that granting preliminary relief will not result in even greater harm to the nonmoving party or be in the public interest. *Grill*, 908 F. Supp. 2d at 591. A prisoner's request for some form of mandatory, proactive injunctive relief in the prison context must "be viewed with great caution" because of the "intractable problems of prison administration." *Milhouse*, 721 F. App'x at 111 (quoting *Goff*, 60 F.3d at 520). Martinez argues that Defendants will sustain no cognizable harm if the injunction is granted and that the injunction advances the public interest. (Doc. 13, at 6-7). However, Defendants' interests and the public's interest in penological order could be adversely affected if the Court began dictating how the DOC must renovate the facility at SCI-Huntingdon. *See* 18 U.S.C. § 3626 *see also Sandin v. Conner*, 515 U.S. 472, 482 (1995) ("federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment").

Further, it seems that Martinez seeks proactive relief in the form of an Order requiring the renovation of SCI-Huntingdon, which would affect the actions of other prison officials who are not parties to the instant lawsuit. (Doc. 12, at 3-4; Doc. 13, at 5-6). This runs afoul

of the "general rule that a court may not enter an injunction against a person who has not been made a party to the case before it." *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1394 (Fed. Cir. 1996); *see Elliott v. Kiesewetter*, 98 F.3d 47, 56 (3d Cir. 1996) (citing Fed. R. Civ. P. 65(d)). Indeed, courts in this circuit have refused to issue injunctions against non-parties. *See Robertson v. Samuels*, No. 3:13-CV-2500, 2014 WL 347007, at *6 (M.D. Pa. Jan. 30, 2014), *aff'd*, 593 F. App'x 91 (3d Cir. 2014); *Banks v. Good*, No. 06-253, 2011 WL 2437061 (W.D. Pa. Apr. 20, 2011), *report and recommendation adopted*, 2011 WL 2418699 (W.D. Pa. June 14, 2011).

In sum, an assessment of the factors that govern the issuance of such relief under Rule 65 weighs against Martinez. Moreover, the scope of Martinez's requests far exceeds the appropriate reach of a preliminary injunction, and granting this extraordinary relief could harm the public's interest and the interests of the opposing parties. *See Grill*, 908 F. Supp. 2d at 591. Accordingly, the motion for preliminary injunction is denied. (Doc. 12);

IV. **CONCLUSION**

Based on the foregoing reasons, Martinez's motion for preliminary injunction is **DENIED**. (Doc. 12).

An appropriate Order follows.

Dated: August 2, 2022          *s/Karoline Mehalchick*
                               **KAROLINE MEHALCHICK**
                               **Chief United States Magistrate Judge**