IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Miguel Martinez,  : Civil Action No.
    Plaintiff, : 3:21-cv-01908
:
v. :
: Mehalchick, M.J.
:
J. Rivello, et al., :
    Defendants. :

FILED
SCRANTON
AUG 17 2022
PER _____
DEPUTY CLERK

PLAINTIFF'S APPEAL IN OPPOSITION TO
MAGISTRATE JUDGE'S DISMISSAL OF PRELIMINARY INJUNCTION

## I. Introduction:

While the court has dismissed plaintiff's request for preliminary injunction in the order of August 3, 2022, the pro se plaintiff, Miguel Martinez, has in fact and law, set forth claims upon which relief may be granted in this juncture of the litigation.

The Plaintiff's complaint is rife with clear constitutional violations of plaintiff's rights under the Eighth and Fourteenth Amendments and set forth the defendants' personal involvement regarding the Eighth and Fourteenth Amendment claims, including, but not limited to, their control over the conditions of confinement at SCI-Huntingdon. Plaintiff has established all the basis for requirement of preliminary injunction. There is no legal basis for any court to dismiss or rule in favor of defendants in this action based on the idea that it is an inconvenience to said party. The law does not permit for any entity to subject anyone to harmful and inhumane conditions of confinement, which violate the Constitution of the United States on the basis that it is an inconvenience and therefore equate inconvenience as being harmful to those violating the Constitution

## II. Counter Facts:

In passing upon a Motion for Preliminary Injunction the Court is required to view the facts in the light most favorable to the party opposing the motion and to give that party all reasonable inference to be drawn from

the underlying facts disclosed in the pleadings and affidavits. See, **Ralph's Distributing Co. v. AMF Inc.**, 667 F.2d 670; see also, **Vette Co. v. Aetna Casualty & Surety Com.**, 612 F.2d 1076. Thus the moving party must establish its right to judgement as a matter of law. There must be no genuine issues of facts, no room for doubt or controversy.

The defendants are responsible for maintaining the physical plant of the prison at the minimal level of decency required by the Eighth Amendment of the U.S. Constitution.

The defendants personally knew of the decrepit and the life threatening state of the edifice, the plumbing, the wiring, the black mold, contamination, the asbestos, and the lack of ventilation. As described in plaintiff's previous filings, The defendants have, and continue to accept inmates and assign them to be house in deplorable conditions.

III. Argument:

### A. Standard of Review:

Pro se pleading must be held to a less stringent standard than formal pleading drafted by lawyers. **Hines v. Kerner**, 404 U.S. 519, 520-521, 92 S.Ct. 594 (1972). If the Court can reasonably read pleadings to state a valid claim which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction of litigant's unfamiliarity with pleading requirements. **Boag v. McDougal**, 454 U.S. 364, 102 S.Ct. 100 (1982).

### B. Motion to Dismiss/Deny Pursuant to Federal Rule 12(b)(6):

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and well pleaded allegations of complaintant must be accept as true. **Erickson v. Pardus**, 551 U.S. 89, 127 S.Ct. 2197 (2007). A plaintiff's factual allegations must be enough to raise a right to relief above the speculative level. **Tombly**, 550 U.S. at 556 citing **SC Wright & A. Miller Federal Practice & Procedure** §1216, 2008 WL 482469 at *1 (D. Del) quoting **Phillips v. County of Alleghany**, 515 F.3d 224, 231 (3d Cir. 2008). This does not impose a

probability requirement at the pleading stage but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element. **Phillips**, 515 F.3d at 234 quoting **Twombly**, 550 U.S. at 556 n.3.

The question is not whether the plaintiff will prevail in the end but rather whether plaintiff is entitled to offer evidence in support of his claims. **Swope v. City of Pittsburg**, 90 F.Supp.3d 400, 405 (W.D. Pa. 2015), citing **Oatway v. American Internal Group, Inc.**, 325 F.3d 1884, 1887 (3d Cir. 2003). When, as here, the plaintiff is a pro se litigant, the Courts have a special obligation to construe his complaint liberally. **Hines v. Kerner**, 404 U.S. 519, 520 (1972).

Nevertheless threadbare recitals of the elements of a Cause of Action supported by mere conclusory statements do not suffice. **Fowler v. UPMC Shadyside**, 578 F.3d 203, 210 (3d Cir. 2009), quoting **Ashcroft v. Iqbal**, 556 U.S. at 678. All civil complaints must show and set out sufficient factual matter to show that the claim is factually plausible. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendants are liable for alleged misconduct. **Iqbal**, 556 U.S. at 678 citing **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 556 (2007).

**IV. Claims Upon Which Relief May Be Granted:**

### C. Conditions of Confinement:

1. The plaintiff states Eighth Amendment claims through his Civil Action and the filing of his Preliminary Injunction for inhumane conditions and thus respectfully contends in support thereof that adequate prison conditions do not violate the Eighth Amendment prescription of cruel and unusual punishment unless they deprive the inmate of the minimal civilized measures of life's necessities. See, **Tiller v. Omens**, 907 F.3d 418, 426 (3d Cir 1990); **Rhodes v. Chapman**, 452 U.S. 337, 347 (1981). To be liable for an Eighth Amendment violation a prison official must have acted or failed to act

with reckless disregard for the health and safety to inmates. See, **Farmer v. Brennan**, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994). Prison officials must take reasonable measures to guarantee their personal safety. **Farmer**, 511 U.S. at 832, **Helling v. McKinny**, 509 U.S. 25, 31-32 (1993).

V. **Discussion:**

The Plaintiff's Civil Action is based on the insubordination of prison officials who flout there disregard for law and the constitutional guarantees resulting in actual injuries to plaintiff and other inmates.

Furthermore, this Action is based on the false assertions of the defendants and the misleading attempts to shirk responsibility displayed by the information given in which defendants, through their lawyers, assert that there is no asbestos here at SCI Huntingdon, while, within a stack of papers, their own inspector avers that there actually is asbestos (then attempts to justify the constitutionality of exposing inmates to this deadly chemical).

Also in the way defendants express their purchase of new filters for the ventilation system, yet ignore that the holes in the back of inmate cells are non-operational, neither blowing out air nor sucking air in. There is no legitimate, fully functional ventilation system within the main (4) blocks. (A, B, C, & D). Basic inspection by an independent neutral agency will verify this allegation as factual.

The other assertion made is that the D.O.C. has adopted detailed preventive steps to mitigate the risk to inmates.

This Action is not against the D.O.C. or to interfere against any penalogical interst. It is about the conduct of prison officials at SCI-Huntingdon. When the Magistrate Judge mentions the extremes of the requested preliminary injunction however, these requests were not considered lightly but in the face of the strong opposition to the directives ignored. The excess insubordination which is the culture at SCI-Huntingdon and the very real and dangerous risk to human life involved. 18 U.S.C. §3626 provides that, "The court shall give substantial weight to any adverse impact on public

safety or the operation of a criminal system caused by the preliminary relief and shall respect the principle of comity. §3626(a)(2).

I don't assume that the denial of plaintiff's preliminary injunction by Magistrate Judge Mehalchick is suggesting that the proper care of inmates and having a living environment in conformity with the Constitution would create and adverse impact on society or the public's interests.

Finally, it's suggested, that it is the duty of the courts to ignore constitutional violations in favor of a principle that it may upset the balance of power (oppression).

For the above mentioned reasons, plaintiff, Miguel Martinez, proceeding pro se, objects to Magistrate Judge Mehalchick's denial of plaintiff's Preliminary Injunction.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Miguel Martinez,
    Plaintiff,

v.

J. Rivello, et al.,
    Defendants.

Civil Action No.
3:21-cv-01908

Mehalchick, M.J.

## Certificate of Service

The Plaintiff, Miguel Martinez, hereby certifies that a true and correct copy of the foregoing plaintiff's Brief in Opposition to Magistrate Judge's Dismissal of Preliminary Injunction, was served, via First Class Mail, as follows:

JOnathan m. Blake
15th Floor Strawberry Sq.
Harrisburg, PA. 17120
Office of Attorney General.

Respectfully Submitted,
/s/: *Miguel A. Martinez*
Miguel Martinez, #BD 5038
SCI-Huntingdon
1100 Pike Street
Huntingdon, PA. 16654-1112

DATE: 8·11·22

US POSTAGE $001.44 AUG 12 2022

INMATE MAIL
PA DEPARTMENT
OF CORRECTIONS

Miguel A. Martinez
#BD 5038
SCI Huntingdon
1100 Pike St.
Huntingdon, Pa. 16654

RECEIVED
SCRANTON
AUG 17 2022
PER _____ DEPUTY CLERK

Office of The Clerk
United States District Court
Middle District of Pennsylvania
235 North Washington Ave.
P.O. Box 1148
Scranton, Pa. 18501-1148