# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIGUEL MARTINEZ,<br><br>          Plaintiff,<br><br>    v.<br><br>J. RIVELLO, et al.,<br><br>          Defendants. | CIVIL ACTION NO. 3:21-CV-01908<br><br>(MEHALCHICK, M.J.) |

## ORDER

Presently before the Court is a motion to appoint counsel (Doc. 28), by *pro se* prisoner-Plaintiff Miquel Martinez ("Martinez"), a prisoner incarcerated at the State Correctional Institution at Huntingdon, Pennsylvania ("SCI-Huntingdon"). On November 29, 2021, Martinez filed the instant action against Defendants J. Rivello, K. Kauffman, J. Spyker, S. Walter, G. Ralston, J. Wetzel, and T. Bickell (collectively, "Defendants"). (Doc. 1, at 2-4). In his complaint, Martinez asserts claims of Eighth Amendment violations and negligence, seeking declaratory relief, injunctive relief, along with compensatory and punitive damages. (Doc. 1, at 12-13). The parties have consented to proceed before the undersigned United States Magistrate Judge pursuant to Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). (Doc. 18). For the following reasons, the motion to appoint counsel (Doc. 28) shall be DENIED.

## I. DISCUSSION

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the Court has the discretion to request "an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see Parham v. Johnson,* 126 F.3d 454, 456-57 (3d Cir. 1997); *see also Montgomery v. Pinchak,* 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace,*

6 F.3d 147, 153 (3d Cir. 1993). Under § 1915(e)(1), the "court may request an attorney to represent any person unable to employ counsel." The district court's appointment of counsel is discretionary and must be made on a case-by-case basis. *Tabron*, 6 F.3d at 157-58.

Appointment of counsel for an indigent litigant **should be** made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case has some arguable merit in fact and law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which the case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

*Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155-57). Additionally, another practical consideration must be taken into account when considering a motion for appointment of counsel. As the Third Circuit has observed:

> [W]e must take note of the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. We have no doubt that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. It is difficult to fault a district court that denies a request for appointment under such circumstances.

*Tabron*, 6 F.3d at 157.

Here, Martinez asserts that appointment of counsel is necessary because: (1) he does not have the ability, effective skills, legal education and experience to litigate; (2) he does not have meaningful access to the prison's law library due to overcrowding and post-COVID-19 protocols and restrictions; (3) his imprisonment will greatly limit his ability to litigate as the issues involved in this case are complex and will require significant research and investigation; (4) he cannot afford the cost of discovery; (5) counsel will better enable him to present the facts and claims of this civil action; and (6) his case will require expert testimony. (Doc. 29, at 5-6).

On the record presently before the Court, application of the *Tabron* factors weighs in favor of denying Martinez's application for appointment of counsel at this time. In evaluating this first factor, courts should consider "the plaintiff's education, literacy, prior work experience, and prior litigation experience . . . plaintiff's ability to understand English . . . or, if the plaintiff is a prisoner, the restraints placed upon him or her by confinement." *Tabron*, 6 F.3d at 156. Martinez has thus far demonstrated an ability to adequately litigate this case, as he filed the complaint and various motions, including a motion for preliminary injunction, this motion to appoint counsel, a motion to compel, and a motion for summary judgment, and all submissions have been "both coherent and comprehensive." (Doc. 1; Doc. 12; Doc. 28; Doc. 34; Doc.38); *see Montgomery,* 294 F.3d at 501. Martinez "has shown he sufficiently understands court procedure" and has the apparent ability to comprehend the legal issues and litigate this action thus far. *Daughtry v. Kauffman, et al.*, No. 3:17-CV-0442, 2019 WL 118600, at *4 (M.D. PA. Jan. 7, 2019). In addition, the fourth *Tabron* factor, Martinez' ability to retain counsel on his own, does not weigh in his favor, as Martinez paid the full filing fee of $402.00. (Doc. 5); *see Tabron,* 6 F.3d at 156.

Although Martinez's limited law library access slightly tips the balance in his favor for appointing counsel, the remaining *Tabron* factors weigh against appointing counsel. *See* 6 F.3d at 156. There is no indication that Martinez is unable to present his case and the legal issues do not appear to be particularly difficult or complex. (Doc. 1). Because "most of" the *Tabron* factors have not been met at this time, coupled with this Court's duty to construe *pro se* pleadings liberally, Martinez's claims weigh against the appointment of counsel. *See Haines v. Kerner*, 404 U.S. 519 (1972); *see also Daughtry*, 2019 WL 118600, at *5 (citation omitted) (denied motion to appoint counsel where plaintiff successfully presented arguments, obtained relevant records to support his claims, and independently attempted to obtain counsel without success).

**AND NOW**, this 21st day of September 2022, **IT IS HEREBY ORDERED** that:

1. Martinez's motion to appoint counsel (Doc. 18) is **DENIED**. If further proceedings demonstrate the need for counsel, the matter will be reconsidered either by the Court on its own initiative, or upon motion by Martinez.

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**